UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

RANDY L. BLANCHARD,

Petitioner,

vs.

WILLIAM SPERFSLAGE,

Respondent.

No. 15 cv 2085 EJM

ORDER

This matter is before the court on Petitioner's pro se habeas corpus petition, filed August 31, 2015. Briefing concluded and this case became ready for decision on May 16, 2016. Dismissed.

In March through April 2009, Petitioner was tried and convicted in state court of first degree murder and child endangerment resulting in death in the killing of his baby daughter. The court sentenced him to life in prison for the first degree murder, and an indeterminate term not to exceed fifty years for the child endangerment, to be served concurrently, later vacated. Iowa Code §§ 707.2(5); 726.5(1)(e) (2015).

On May 26, 2010, Petitioner appealed to the Iowa Court of Appeals, claiming insufficiency of the evidence to support his conviction, and that his convictions should have been merged. The Court of Appeals, which fully addressed Petitioner's claims, described the facts leading to his conviction as follows:

> Aliya was born to [Blanchard] on January 30, 2008...On Monday night, Feb. 4, 2008, Aliya...awoke for her 3 a.m. feeding. Blanchard told [the mother] he would get up and feed Aliya.

1

> [The mother] awoke...and heard him tell the infant to shut up and be quiet. She also thought she heard a noise that sounded like something hitting the glass coffee table in the living room. She went back to sleep...
> The following day, Aliya was unresponsive and would not take a bottle...Aliya had a seizure, and [the mother] and Blanchard took her to the emergency room...Aliya did not awaken again. Doctors suspected Shaken Baby Syndrome.
> Both parents were questioned by law enforcement...Blanchard admitted he may have dropped Aliya and she could have hit her head...
> Aliya was declared brain-dead on Feb. 9...After an autopsy, Dr. Eric Pfeifer concluded Aliya's cause of death was blunt force trauma to the head with blunt force injury to the brain,...[with] multiple bruises along the base of her spine, and a fractured skull.

The Court of Appeals denied his appeal and affirmed his conviction. State v. Blanchard, 2010 WL 2089222, at *1 (Iowa Ct. App. May 26, 2010). The Iowa Supreme Court denied further review on June 11, 2010

In the state court, on March 8, 2008, Petitioner filed an application for post-conviction relief, and had counsel appointed. Petitioner asserted twelve claims, including the claims he raises here. The court denied the application. Blanchard then pared his claims to five, the same five claims asserted here, and appealed to the Iowa Court of Appeals. The Iowa Court of Appeals affirmed that denial on December 24, 2014. Blanchard v. State, 2014 WL 7343231 at *9 (Iowa Ct. App. Dec. 24, 2014).

The standard of review for this case is from the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 101, 110 Stat. 1214, 1217 (1996), which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 694 (2002). Only state court decisions contrary to, or unreasonable applications of, federal law are grounds for relief under 28 U.S.C. § 2254(d)(1).

2

Petitioner first claims that he was denied due process and a fair and impartial trial due to insufficient evidence to support his conviction. The State's evidence included that the baby was healthy when she left the hospital, the mother's testimony that Blanchard took the baby, yelled at her, she heard a commotion in the living room that sounded like breaking glass, Blanchard bringing the baby back in different clothes, blood in the baby's diaper, a team of doctors at Mayo Clinic diagnosed the baby with a fractured skull, swelling and bleeding of the brain, and severe retinal hemorrhages. Tr. Vol. I pp. 48, 76-84, 141-144; Tr. Vol. II pp. 102-03, 138-39. The medical examiner testified that the injuries to the baby's spine were consistent with someone shaking the baby, and ruled the death a homicide. Tr. Vol. II pp. 150-57. Blanchard v. State, supra. This court finds that the Iowa Court of Appeals was reasonable and not contrary to federal law in concluding that this was sufficient evidence for a finder of fact to find all elements of the crime.

Petitioner next claims that his judge was biased, and that his trial counsel should have so filed a motion for a new trial. Blanchard's only "evidence" of judicial bias is that the district judge read his verdict in open court. The post-conviction relief trial court (a different judge) and the Iowa Court of appeals each rejected the idea that the trial judge was biased. App. Pp. 41, 54. This was reasonable and not contrary to federal law.

Petitioner next claims his counsel performed ineffectively by failing to call his mother as a witness at trial. His mother was not at the scene of the crime at the time the crime was committed. Blanchard claims the baby's mother told Blanchard's mother that she (baby's mother) was the one who slammed the baby on a board. Defense counsel denied that Blanchard's mother ever said that. PCR Tr. pp. 127-29. Also, Blanchard's mother made some statements to the police that could have hurt Blanchard's case, such as admitting her son had

3

anger issues and that she had previously warned Blanchard not to hurt the baby. Counsel made a strategic choice here not to call Blanchard's mother for that reason. Strategic decisions by counsel will not be second-guessed on appeal. Richter, 562 U.S. at 105. . Strickland v. Washington, 466 U.S. 668, 687 (1984). Wiggins v. Smith, 539 U.S. 510, 521 (2003) (quoting Strickland, 466 U.S. at *ibid.*)

Petitioner next argues that his attorney performed ineffectively by not asserting that the two counts against him should have been merged under Iowa's "one-homicide" rule, State v. Wissing, 526 N.W.2d 561, 567 (Iowa 1995). Wissing does not, however, prevent the State from charging or entering judgment on two such convictions. Id. The issue is moot, however, because the Iowa district court subsequently vacated his sentence for child endangerment resulting in death. Docket 14 p. 165.

In sum, as to all Petitioner's various claims of ineffective counsel, the Iowa Court of Appeals was reasonable and not contrary to federal law in concluding that Petitioner's lawyer provided reasonable assistance under prevailing professional norms. Wiggins, 539 U.S. at 521 (2003). Petitioner sustained no prejudice, and the Court of Appeals was reasonable and not contrary to federal law to so conclude. Cullen v. Pinholster, 563 U.S. 170, 189 (2011).

Lastly, Petitioner argues that his Miranda rights were violated. Blanchard did not make this argument in state court, and thus it is not exhausted and may not be brought here. Bell v. Attorney General, 474 F.3d 558, 561 (8th Cir. 2007). Further, the record shows that Blanchard was not in custody at the times he says his Miranda rights were violated, so Miranda does not apply. Lastly, there is no showing of prejudice. Bell v. Cone, 535 U.S. 685, 698-99 (2002).

It is therefore

ORDERED

Dismissed.

June 1, 2016

                                  Edward J. McManus, Judge
                               UNITED STATES DISTRICT COURT